IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | Criminal No.: 4:04-cr-00564-TLW |
| | ) | |
| v. | ) | |
| | ) | **ORDER** |
| DWAYNE MCFADDEN. | ) | |
| | ) | |

This matter comes before the Court for consideration of the defendant's Pro Se Motion for New Trial pursuant to Rule 33 of the Federal Rules of Criminal Procedure. (ECF No. 134). In the motion, the defendant argues that he was improperly sentenced as an Armed Career Criminal because (1) he had only two prior convictions that qualified as predicates under the Armed Career Criminal Act (ACCA) and (2) the predicate convictions were not submitted to the jury. (Id.). The Court notes that, as an initial matter, the motion should be denied as untimely under Rule 33. See Fed. R. Crim. P. 33 ("Any motion for a new trial grounded on any reason other than newly discovered evidence must be filed within 14 days after the verdict or finding of guilty."). Moreover, even if the motion were timely filed, it is without merit.[1]

Furthermore, to the extent the motion challenges the sentence imposed and is more properly deemed a motion pursuant to 28 U.S.C. § 2255, the motion is barred as successive. The defendant filed a previous § 2255 petition on August 23, 2007. (ECF No. 99). This Court denied that petition on October 19, 2009. (ECF No. 113). The defendant appealed the Court's denial of

---

[1] First, contrary to the defendant's assertions, his record reflects at least three prior convictions qualifying as predicates under the ACCA. (See ECF No. 66, ¶¶ 26, 27, 30). Furthermore, the Fourth Circuit has rejected arguments that prior convictions are elements of a crime that must be submitted to a jury. See United States v. Cheek, 415 F.3d 349, 351 (4th Cir. 2005) (holding, in the specific context of the Armed Career Criminal Act, that the Sixth Amendment does not require "that the mere fact of a prior conviction used as a basis for a sentencing enhancement be pleaded in an indictment and submitted to a jury for proof beyond a reasonable doubt").

§ 2255 relief, and the Fourth Circuit Court of Appeals dismissed the defendant's appeal on December 2, 2010. (ECF No. 124). Thus, the present motion is a second or successive petition. Section 2255 provides:

> A second or successive motion must be certified as provided in section 2244 by a panel of the appropriate court of appeals to contain—
>
> **(1)** newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or
>
> **(2)** a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

28 U.S.C. § 2255(h).

The defendant has not received an order from the Fourth Circuit authorizing a second or successive petition. Consequently, the Court is without jurisdiction to consider a successive petition. See In re Vial, 115 F.3d 1192, 1194 (4th Cir. 1997) (noting that the petitioner must seek permission from the circuit court to file a second or successive motion under § 2255); Burgess v. Warden, No. 2:11-1621-CMC, 2011 WL 4345430, at *2 (D.S.C. Sept. 15, 2011) ("As Petitioner is no doubt well aware, prior to filing a second or successive motion under § 2255, he must obtain certification by a panel of the Fourth Circuit Court of Appeals allowing him to file a second or successive motion.  As provided in 28 U.S.C. § 2244, '[b]efore a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application.'  28 U.S.C. § 2244(b)(3)(A).  This he has not done.").

In summary, defendant's Pro Se Motion for New Trial is **DENIED** as untimely under Rule 33. Furthermore, even if timely filed, the motion is without merit. Finally, if deemed as a § 2255 petition, the motion is barred as successive.  Thus, the relief requested in the Pro Se Motion

for New Trial (ECF No. 134) is **DENIED**.

The Court has reviewed this motion in accordance with Rule 11 of the Rules Governing Section 2255 Proceedings. The Court concludes that it is not appropriate to issue a certificate of appealability as to the issues raised in this motion. Defendant is advised that he may seek a certificate from the Fourth Circuit Court of Appeals under Rule 22 of the Federal Rules of Appellate Procedure.

**IT IS SO ORDERED**.

s/Terry L. Wooten
Chief United States District Judge

June 3, 2015
Columbia, South Carolina